**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **ROGER D. SMITH, MARCUS P. MCKINLEY, WILLIAM R. JOHNSON, SANDRA RUSH, and JUDY RIGGS, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ARAMARK CORPORATION, ARAMARK CORRECTIONAL SERVICES, LLC, and UNION SUPPLY GROUP,**<br><br>**Defendants.** | **Civil Action No. 2:25-cv-00710**<br>**District Judge: Thomas E. Johnston**<br>**Magistrate Judge: Dwane L. Tinsley** |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Aramark Corporation, Aramark Correctional Services, LLC, and Union Supply Group (collectively, "Aramark") respectfully move to dismiss Plaintiffs' Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

*First*, Plaintiffs' case is based on allegations that Aramark is not delivering the quality and quantity of food that is required by its contract with West Virginia. Presumably for that reason, they have disguised what is essentially a claim for breach of contract that they would not have standing to bring as a consumer protection claim. As courts have elsewhere, this Court should reject that sleight of hand. *See, e.g.*, *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 913 (N.D. Ill. 2013) (noting that the Illinois consumer protection statute "should not apply to simple breach of contract claims" and "to set forth an action under a consumer protection law, a party must allege unfair or deceptive conduct that is distinct from a simple breach of contract," because "were it otherwise, a plaintiff could convert any suit for breach of contract into a consumer fraud action, as all breach of contract actions involve a promise and a subsequent failure to perform" (cleaned up)); *Woodard v. Victory Recs., Inc.*, 2016 WL 1270423, at *8 (N.D. Ill. Mar. 31, 2016) (observing that neither Tennessee nor Illinois' consumer protection laws were intended to apply "to every contract dispute or to supplement every breach of contract claim with a redundant remedy").

*Second*, Plaintiffs have failed to state any claims. Plaintiffs' attempt to invoke the WVCCPA fails because the alleged "scheme" they are challenging is not cognizable under that consumer protection statute. In addition, Plaintiffs have failed to plausibly allege an essential element of the alleged "scheme": that Aramark limits the quality and quantity of free food that Plaintiffs receive to such an extreme degree that they are coerced into purchasing food. The few allegations of the Complaint that are specific to food service at Mt. Olive show that inmates receive

three square meals a day. Plaintiffs' complaints about the food they personally received—chiefly that Aramark does not use as much fresh vegetables and beef as they would prefer—when taken as true, hardly establish a deprivation of "basic needs" so profound that Plaintiffs were forced to purchase food against their will.

*Third*, Plaintiff Johnson lacks Article III standing to seek injunctive or declaratory relief. He is no longer incarcerated at Mt. Olive, and his "release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009).

*Fourth*, Plaintiffs Smith, McKinley, and Johnson, who are currently incarcerated at Mt. Olive, fail to adequately allege that they exhausted their administrative remedies, as they must to bring their claims. "A court may *sua sponte* dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d. 358, 361 (4th Cir. 2017).

The grounds for this Motion are set forth further in the concurrently filed memorandum of law. This Motion is also supported by the concurrently filed Declaration of Cortlin H. Lannin, any argument that may be presented to the Court on this Motion, and such other matters as the Court deems appropriate.

Dated: January 30, 2026

By: */s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield, Esq. (WV Bar #3894)
Bryan N. Price, Esq. (WV Bar No. 8846)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
Charleston, WV 25301
Phone: 304-345-0200
Facsimile: 304-345-0260
jwakefield@flahertylegal.com
bprice@flahertylegal.com

Laura Flahive Wu (D.C. Bar No. 1024612)*
COVINGTON & BURLING LLP
850 10th Street NW
Washington, DC 20001
Telephone: +1 (202) 662-5892
Facsimile: +1 (202) 778-6000
Email: lflahivewu@cov.com

Cortlin H. Lannin (CA Bar No. 266488)*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: + 1 (415) 591-7078
Facsimile: + 1 (415) 591-6091
Email: clannin@cov.com

* *Visiting Attorney*

*Attorneys for Defendants Aramark Corporation, Aramark Correctional Services, LLP, and Union Supply Group*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**ROGER D. SMITH, MARCUS P. MCKINLEY, WILLIAM R. JOHNSON, SANDRA RUSH and JUDY RIGGS, on behalf of themselves and all others Similarly situated,**

**PLAINTIFFS,**

**v.**

**The Honorable Thomas E. Johnson**
**Case No. 2:25-cv-00710**

**ARAMARK CORPORATION, ARAMARK CORRECTIONAL SERVICES, LLC and UNION SUPPLY GROUP,**

**DEFENDANTS.**

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Wakefield, counsel for Defendants, do hereby certify that on the 30th day of January, 2026, that ***"DEFENDANTS' MOTION TO DISMISS"*** was served via the CM/ECF filing system.

/s/Jeffrey M. Wakefield
Jeffrey M. Wakefield, Esq. (WV Bar #3894)