**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

ROGER D. SMITH, MARCUS P. MCKINLEY, WILLIAM R. JOHNSON, SANDRA RUSH and JUDY RIGGS, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

v.

ARAMARK CORPORATION, ARAMARK CORRECTIONAL SERVICES, LLC, and UNION SUPPLY GROUP,

*Defendants.*

Civil Action No. 2:25-cv-00710
District Judge: Thomas E. Johnston
Magistrate Judge: Dwane L. Tinsley

**ANSWER TO THE CLASS ACTION COMPLAINT**

Defendants Aramark Corporation, Aramark Correctional Services, LLC, and Union Supply Group ("Aramark") hereby answer the allegations in the Class Action Complaint (ECF 1; "Complaint") filed by Plaintiffs Roger D. Smith, Marcus P. McKinley, William R. Johnson, Sandra Rush, and Judy Riggs and provide responses and affirmative defenses to the allegations in the Complaint. Aramark repeats the Complaint's headings and subheadings here for organizational purposes only. Except as otherwise expressly stated herein, Aramark denies each and every allegation in the Complaint, including any allegations in the prayer for relief, headings, subheadings, footnotes, and images of the Complaint, and specifically denies liability to Plaintiffs.

The responses in this Answer are based on Aramark's investigation to date, and Aramark reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

## I. INTRODUCTION

1. Aramark admits that Plaintiffs bring this class-action complaint on behalf of themselves and the putative classes for (1) purported violations of the West Virginia Consumer Credit and Protection Act, (2) common law economic duress, and (3) common law unjust enrichment. Aramark denies that it is engaged in "ongoing violations" of the WVCCPA and "related laws." Aramark lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 1, and on that basis denies them.

2. Aramark admits that it is a company headquartered in Philadelphia, Pennsylvania and that it provides food services, including free daily meals services, to people incarcerated in certain correctional facilities in West Virginia pursuant to a contract with the State of West Virginia. Aramark further admits that it operates commissary, Fresh Favorites, and iCare programs at Mt. Olive Correctional Complex (hereafter, "Mt. Olive"). Paragraph 2 and the associated footnote also purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the remaining allegations in Paragraph 2 and the associated footnote.

3. Aramark denies the allegations in Paragraph 3.

4. Aramark admits that it is the exclusive provider of food offered for purchase to inmates at Mt. Olive and to those who wish to purchase food for an inmate housed at Mt. Olive. Aramark denies the remaining allegations in Paragraph 4.

5. Aramark admits that it has on occasion received grievances and complaints about the food it provides at Mt. Olive. Aramark lacks sufficient knowledge or information to form a belief about

the truth of the allegations in the second sentence of Paragraph 5, and on that basis denies them. Aramark denies the remaining allegations in Paragraph 5.

6. Aramark denies the allegations in Paragraph 6.

7. Aramark admits that Plaintiffs seek certain relief on behalf of themselves and the putative class. Aramark denies that incarcerated individuals were forced to buy food due to Aramark providing inadequate daily meals. Aramark lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 7, and on that basis denies them.

## II. PARTIES

8. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8, and on that basis denies them.

9. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and on that basis denies them.

10. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10, and on that basis denies them.

11. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11, and on that basis denies them.

12. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies them.

13. Aramark admits the allegations in Paragraph 13.

14. Aramark admits that Aramark Correctional Services, LLC is a Delaware limited liability company and a wholly owned subsidiary of Aramark Corporation. Aramark also admits that Aramark Correctional Services, LLC provides food and commissary services to certain correctional facilities in the United States, including Mt. Olive. Aramark further admits that the

corporate headquarters for Aramark Corporation is located at 2400 Market Street, Philadelphia, Pennsylvania 19103.

15. Aramark admits that Union Supply Group, Inc. is a subsidiary of and was acquired by Aramark in 2022 and that its corporate headquarters are located at 2500 Regent Boulevard Dallas, Texas 75261-9059. Aramark denies the remaining allegations in Paragraph 15.

## III. JURISDICTION AND VENUE

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 16.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 and on that basis denies them. However, Aramark denies that class treatment is appropriate or warranted. Aramark further denies any implicit allegation that it engaged in improper conduct or that the claims asserted against it have merit.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Aramark is not disputing that this court has personal jurisdiction over Aramark with respect to the claims asserted by Plaintiffs Smith, McKinley, Johnson, Rush, and Riggs only. Aramark denies the remaining allegations contained in Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Aramark is not disputing venue for the purposes of the above-captioned case. Aramark denies that the alleged "events or omissions" give rise to any claims for relief.

## IV. FACTUAL ALLEGATIONS

### A. Aramark's scheme uses food to unfairly profit off incarcerated consumers.

20. Aramark admits that food is essential for survival and health. Aramark denies the remaining allegations in Paragraph 20.

21. Paragraph 21 and the associated footnote purport to quote, paraphrase, and/or characterize the content of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies that the quote "boosts morale" appears anywhere in the cited source but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and the associated footnote, and on that basis denies them.

22. Paragraph 22 and the associated footnote purport to quote, paraphrase, and/or characterize the content of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content.

23. To the extent that Paragraph 23 and the associated footnote purport to depict images of Aramark's marketing materials, those sources (in their full form) speak for themselves, and no response is required. To the extent a response is required, Aramark denies the remaining allegations in Paragraph 23 and the associated footnote.

24. Aramark denies the allegations in Paragraph 24.

25. Aramark denies the allegations in Paragraph 25.

26. Aramark denies the allegations in Paragraph 26.

**B. Aramark Corporation purchased Union Supply so it would have exclusive control over a captive market to drive profits.**

27. Paragraph 27 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark admits that Aramark Corporation appears in the Fortune 500 and provides food services. Aramark admits that Aramark Correctional Services provides food

services to prisons and jails in the United States. Aramark denies the remaining allegations in Paragraph 27 and the associated footnote.

28. Aramark admits that Union Supply Group supplies commissary services to correctional facilities. Aramark lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis denies them.

29. Paragraph 29 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark admits that Aramark Corporation acquired Union Supply in 2022 for $202.6 million and that Union Supply is a wholly owned subsidiary of Aramark Corporation.

30. Aramark denies the allegations in Paragraph 30.

### C. Aramark has shifted its mandatory daily meals services to a food-for-purchase model.

31. Aramark denies the allegations in Paragraph 31.

32. Aramark admits that it offers food-for-purchase options, including commissary food and "Fresh Favorites" meals, in certain prisons.

33. Paragraph 33 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark admits that incarcerated persons can purchase food and drinks from Aramark's commissary programs. Aramark denies the remaining allegations in Paragraph 33 and the associated footnote.

34. Paragraph 34 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any

characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the remaining allegations in Paragraph 34 and the associated footnote.

35. Paragraph 35 and the associated footnote purport to quote, paraphrase, and/or characterize certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark admits that family members and loved ones of incarcerated people can purchase food through iCare. Aramark admits that it advertises iCare through its website and email. Aramark denies the remaining allegations in Paragraph 35 and the associated footnote.

36. Aramark lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 concerning Plaintiffs' wages, and on that basis denies them. Aramark denies the remaining allegations in Paragraph 36.

37. Aramark denies the allegations in Paragraph 37.

38. Aramark denies the allegations in Paragraph 38.

**D. Aramark drives the demand for its food-for-purchase programs by limiting the quantity, quality, and variety of food served in its daily meals service.**

39. Aramark denies the allegations in Paragraph 39.

40. Aramark denies the allegations in Paragraph 40.

41. Paragraph 41 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the allegations in Paragraph 41 and the associated footnote.

42. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42, and on that basis denies them.

43. Paragraph 43 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark admits that it was briefly named in a 2022 class-action lawsuit titled *Rose v. Sandy*. Aramark denies the remaining allegations in Paragraph 43 and the associated footnote.

44. Paragraph 44 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the allegations in Paragraph 44 and the associated footnote.

45. Aramark denies the allegations in Paragraph 45.

46. Paragraph 46 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the allegations in Paragraph 46 and the associated footnote.

47. Paragraph 47 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content (as here, where the cited sources refer to a Mississippi prison). To the extent any further response is required, Aramark denies the remaining allegations in Paragraph 47 and the associated footnote.

48. Paragraph 48 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any

characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the allegations in Paragraph 48 and the associated footnote.

49. Paragraph 49 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the allegations in Paragraph 49 and the associated footnote.

50. Paragraph 50 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of third-party sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark denies the allegations in Paragraph 50 and the associated footnote.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 51.

52. Aramark admits that it has a contract with the State of West Virginia to provide food services to certain West Virginia correctional facilities.

53. To the extent that Paragraph 53 purports to characterize information from one of Aramark's contracts with West Virginia, those contracts (in their full form) speak for themselves, and no response is required.

54. To the extent that Paragraph 54 purports to characterize information from one or more of Aramark's contracts with West Virginia, those contracts (in their full form) speak for themselves, and no response is required.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 55.

56. Paragraph 56 purports to quote, paraphrase, and/or characterize the contents of the West Virginia Code, which speaks for itself, and Aramark denies any characterization of those sources that is inconsistent with their content. Aramark further denies that W. Va. Code Ann. § 7-8-2a(a) is a part of The Fresh Food Act or was enacted in 2019. To the extent any further response is required, Aramark denies the remaining allegations in Paragraph 56.

57. Paragraph 57 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of third-party sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. Aramark denies that the Agriculture Commissioner complained that Aramark failed to comply with the Fresh Food Act. To the extent any further response is required, Aramark lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57 and the associated footnote, and on that basis denies them.

58. Aramark denies the allegations in Paragraph 58.

59. Aramark denies the allegations in Paragraph 59.

**E. Aramark's food scheme is unfair and is injuring consumers incarcerated at Mt. Olive.**

60. Paragraph 60 and the associated footnote purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 60 and the associated footnote, and on that basis denies them.

61. Aramark admits that it has sold a veggie tray through its Fresh Favorites program that was priced at ten dollars. Aramark lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 61, and on that basis denies them.

62. Aramark denies the allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 63.

**F. Plaintiffs are being harmed by Aramark's conduct.**

**a. Plaintiff Roger D. Smith**

64. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64, and on that basis denies them.

65. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 65, and on that basis denies them.

66. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66, and on that basis denies them.

67. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, and on that basis denies them.

68. Aramark denies the allegations in Paragraph 68.

69. Aramark denies the allegations in Paragraph 69.

70. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, and on that basis denies them.

71. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71, and on that basis denies them.

72. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72, and on that basis denies them.

73. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73, and on that basis denies them.

74. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 74, and on that basis denies them.

**b. Plaintiff Marcus P. McKinley**

75. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75, and on that basis denies them.

76. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76, and on that basis denies them.

77. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and on that basis denies them.

78. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 78, and on that basis denies them. Aramark denies the remaining allegations in Paragraph 78.

79. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of Paragraph 79, and on that basis denies them. Aramark denies the remaining allegations in Paragraph 79.

80. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80, and on that basis denies them.

81. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, and on that basis denies them.

82. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82, and on that basis denies them.

83. Aramark denies that it serves insufficient, bland, and processed food. Aramark lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 83, and on that basis denies them.

**c. Plaintiff William R. Johnson**

84. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84, and on that basis denies them.

85. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 85, and on that basis denies them.

86. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 86, and on that basis denies them.

87. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 87, and on that basis denies them.

88. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 88, and on that basis denies them.

89. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 89, and on that basis denies them.

90. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 90, and on that basis denies them.

91. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 91, and on that basis denies them.

92. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 92, and on that basis denies them.

93. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93, and on that basis denies them.

**d. Plaintiff Sandra Rush**

94. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94, and on that basis denies them.

95. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95, and on that basis denies them.

96. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 96, and on that basis denies them.

97. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 97, and on that basis denies them.

98. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 98, and on that basis denies them.

99. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 99, and on that basis denies them.

100. Paragraph 100 and the associated footnotes purport to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources that is inconsistent with their content. To the extent any further response is required, Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 100 and the associated footnotes, and on that basis denies them.

101. Paragraph 101 purports to quote, paraphrase, and/or characterize the contents of certain sources, which speak for themselves, and Aramark denies any characterization of those sources

that is inconsistent with their content. To the extent any further response is required, Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 101, and on that basis denies them.

102. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 102, and on that basis denies them.

103. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 103, and on that basis denies them.

104. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 104, and on that basis denies them.

**e. Plaintiff Judy Riggs**

105. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 105, and on that basis denies them.

106. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 106, and on that basis denies them.

107. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 107, and on that basis denies them.

108. Aramark lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 108, and on that basis denies them.

109. Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 109, and on that basis denies them.

## V. CLASS ALLEGATIONS

110. Aramark incorporates by reference its answers to the preceding paragraphs.

111. Paragraph 111 describes the purported putative class and subclasses for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations

in Paragraph 111, and denies that the putative class and subclasses described in Paragraph 111 can be certified under Federal Rule of Civil Procedure 23.

112. Paragraph 112 describes the purported putative class and subclass for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations in Paragraph 112, and further denies that any class should be certified.

113. Paragraph 113 describes the purported putative class and subclass for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations in Paragraph 113, and further denies that any class should be certified.

114. Paragraph 114 describes the purported putative class and subclass for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations in Paragraph 114, and further denies that any class should be certified.

115. Paragraph 115 describes the purported putative class for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations in Paragraph 115, and further denies that any class should be certified.

116. Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 116.

117. Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 117.

118. Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, Aramark lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 118 pertaining to Mt. Olive's capacity or population, and on that basis denies them. Aramark denies the remaining allegations in Paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 119.

120. Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 120.

121. Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 121.

122. Paragraph 122 describes the purported putative class and subclasses for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations in Paragraph 122.

123. Paragraph 123 describes the purported putative class and subclasses for this case, which does not require a response. To the extent a response is required, Aramark denies the allegations in Paragraph 123.

124. Paragraph 124 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 124.

125. Paragraph 125 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 125.

126. Paragraph 126 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 126.

127. Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 127.

## VI. CAUSES OF ACTION

## COUNT I

**Unfair Acts and Practices in Violation of the West Virginia Consumer Credit and Protection Act W.Va. Code §§ 46A-6-101, *et seq*.**

128. Aramark incorporates by reference its responses to the preceding paragraphs.

129. Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 129.

130. Paragraph 130 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 130.

131. Paragraph 131 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 131.

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 132.

133. Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 133.

134. Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 134.

135. Aramark denies the allegations in Paragraph 135.

136. Aramark denies the allegations in Paragraph 136.

137. Aramark denies the allegations in Paragraph 137.

138. Aramark denies the allegations in Paragraph 138.

139. Aramark denies the allegations in Paragraph 139.

140. Aramark denies the allegations in Paragraph 140.

141. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 141.

## COUNT II

### Common Law Economic Duress

142. Aramark incorporates by reference its responses to the preceding paragraphs.

143. Paragraph 143 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 143.

144. Aramark denies the allegations in Paragraph 144.

145. Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 145.

146. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 146.

147. Paragraph 147 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 147.

148. Aramark denies the allegations in Paragraph 148.

## COUNT III

### Common Law Unjust Enrichment

149. Aramark incorporates by reference its responses to the preceding paragraphs.

150. Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 150.

151. Paragraph 151 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 151.

152. Aramark denies the allegations in Paragraph 152.

153. Paragraph 153 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 153.

154. Paragraph 154 states legal conclusions to which no response is required. To the extent a response is required, Aramark denies the allegations in Paragraph 154.

## VII. PRAYER FOR RELIEF

Aramark denies all allegations in the Prayer for Relief, and further denies any liability to Plaintiffs or putative class members, denies that class certification is proper, and denies that Plaintiffs or putative class members are entitled to any relief.

## VIII. JURY DEMAND

Aramark demands a jury trial on all issues so triable.

## DEFENSES

Aramark asserts the following separate and affirmative defenses to Plaintiffs' alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Aramark, such expression does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claim. Aramark reserves the right to assert additional affirmative and other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### FIRST DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim for which relief may be granted against Aramark.

**SECOND DEFENSE**

**(Lacks Standing)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred because Plaintiffs and the putative class members lack standing to assert the alleged claims.

**THIRD DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

Plaintiffs and members of the putative class lack standing because they have not suffered any cognizable injury-in-fact, including because Plaintiffs and their loved ones receive adequate daily meals services. Therefore, the Court lacks subject matter jurisdiction over the claims because Plaintiffs have not suffered an Article III injury-in-fact.

**FOURTH DEFENSE**

**(Statute of Limitations and Statute of Repose)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class are barred, in whole or in part, by the applicable statute of limitations or statute of repose.

**FIFTH DEFENSE**

**(Waiver/Estoppel/Unclean Hands/Laches)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

**SIXTH DEFENSE**

**(No Statutory or Punitive Damages)**

Plaintiffs' claims for statutory and punitive damages, and the claims that Plaintiffs purport to bring on behalf of members of the putative class for statutory and punitive damages, are barred or reduced by applicable law or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, and the applicable provisions of the Constitutions of the several States, including because Aramark did not engage in any conduct sufficient to justify an award of punitive damages.

**SEVENTH DEFENSE**

**(Class Certification)**

This suit may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, because:

a) The putative class is not numerous;

b) Questions of law or fact common to the putative class do not exist;

c) Plaintiffs' claims are not typical of the claims of those they purport to represent;

d) Plaintiffs will not fairly or adequately protect the interests of the putative class;

e) Aramark has not acted on grounds generally applicable to the putative class;

f) Common questions do not predominate;

g) A class action is not superior to other available methods for the fair and effective adjudication of the controversy;

h) The class is not ascertainable; or

i) Other applicable requirements are not met.

**EIGHTH DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by Plaintiffs' and the putative class members' failure to mitigate damages, if any.

**NINTH DEFENSE**

**(No Injury or Damages)**

Neither Plaintiffs nor any member of the putative class suffered any injury or damage whatsoever. Aramark is not liable to Plaintiffs or any putative class member for any injury or damage whatsoever.

**TENTH DEFENSE**

**(Speculative or Uncertain Damages)**

The relief sought by Plaintiffs and members of the putative class is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

**ELEVENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by Plaintiffs' or putative class members' failure to exhaust administrative remedies as is required by the West Virginia Prison Litigation Reform Act.

**TWELFTH DEFENSE**

**(Qualified Immunity and State Sovereign Immunity)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by the doctrines of qualified immunity and/or state sovereign immunity.

**THIRTEENTH DEFENSE**

**(Compliance with Government Contract)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because Aramark complied with its contract with the State of West Virginia or was otherwise operating within the parameters or systems set by the State of West Virginia.

**FOURTEENTH DEFENSE**

**(Gist of the Action Doctrine)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because Plaintiffs' claims are premised upon the breach of a contract.

**FIFTEENTH DEFENSE**

**(Aramark Not Liable)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because any alleged harms, injuries, losses, or damages sustained by Plaintiffs or members of the putative class were caused by the acts or omissions of persons, instrumentalities and/or agencies over which Aramark had no control and for whose acts and/or omissions Aramark is not liable. For the avoidance of doubt, Aramark avers that Plaintiffs and the members of the putative class bear the burden of proof on these issues.

**SIXTEENTH DEFENSE**

**(Ratification)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to Aramark's alleged conduct.

**SEVENTEENTH DEFENSE**

**(Reservation of Rights)**

Aramark reserves the right to assert additional defenses that become available or apparent during discovery and reserves the right to amend this Answer to assert such defenses. This reservation of rights is particularly necessary because Aramark may have additional defenses against members of the putative class who are not currently parties to this suit.

**PRAYER FOR RELIEF**

Aramark respectfully requests as follows:

A. That the Court enter judgment in favor of Aramark;

B. That this action proceeds between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23(c);

C. That the Plaintiffs take nothing by way of the Complaint;

D. For attorney's fees and costs as permitted by law; and

E. For such other and further relief as this Court deems just and proper.

Dated: September 9, 2026

By: */s/ Jeffrey M. Wakefield*
Jeffrey M. Wakefield, Esq. (WV Bar #3894)
Bryan N. Price, Esq. (WV Bar No. 8846)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
Charleston, WV 25301
Phone: 304-345-0200
Facsimile: 304-345-0260
jwakefield@flahertylegal.com
bprice@flahertylegal.com

Laura Flahive Wu (D.C. Bar No. 1024612)*
COVINGTON & BURLING LLP
850 10th Street NW
Washington, DC 20001
Telephone: +1 (202) 662-5892
Facsimile: +1 (202) 778-6000
Email: lflahivewu@cov.com

Cortlin H. Lannin (CA Bar No. 266488)*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: + 1 (415) 591-7078
Facsimile: + 1 (415) 591-6091
Email: clannin@cov.com

* *Visiting Attorney*

*Attorneys for Defendants Aramark Corporation, Aramark Correctional Services, LLC, and Union Supply Group*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**ROGER D. SMITH, MARCUS P. MCKINLEY, WILLIAM R. JOHNSON, SANDRA RUSH and JUDY RIGGS, on behalf of themselves and all others similarly situated,**

**PLAINTIFFS**

**v.**

**The Honorable Thomas E. Johnston**
**Case No. 2:25-cv-00710**

**ARAMARK CORPORATION, ARAMARK CORRECTIONAL SERVICES, LLC, and UNION SUPPLY GROUP,**

**DEFENDANTS.**

**CERTIFICATE OF SERVICE**

I, Jeffrey M. Wakefield, counsel for Defendants, do hereby certify that on the 9th day of September, 2026, that ***"Answer to the Class Action Complaint"*** was served via the CM/ECF filing system.

/s/ *Jeffrey M. Wakefield*
Jeffrey M. Wakefield, Esq. (WV Bar #3894)